[Dkt. No. 46]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
Camden Vicinage

_____
                                   :
UNITED STATES OF AMERICA,          :
                                   :
            v.                     : Crim. No. 02-692 (RMB)
                                   :
LAVINSTON LAMAR                    : **OPINION**
_____:


On October 2, 2014, Defendant appeared before this Court and pled guilty to conspiracy to possess with intent to distribute 500 grams or more of cocaine. This Court sentenced Defendant to five years in prison. [Crim. No. 14-583]. Thereafter, on March 2, 2016, Defendant appeared before the late Honorable Jerome B. Simandle for a violation of supervised release relating to an earlier ten-year sentence, followed by five years supervised release, he was serving as a result of his conviction before the Honorable Garrett E. Brown, Jr., [Crim. No. 02-692].  Judge Simandle sentenced Defendant to an additional ten months of prison consecutive to this Court's five-year sentence.

Defendant Lamar now seeks relief from the ten months sentence under the First Step Act 18 U.S.C. §3582 (c)(1)(A). [Dkt. No. 46]. In essence, Defendant argues that he has changed his life around. He argues that (1) while on pre-trial release

for twenty-three months, he was not convicted of another offense; (2) that he has a job waiting for him upon release; (3) he has acted responsibly in prison; and (4) he will "reclaim his place within his family." [Dkt. No. 46-1, at 7].

The Government concedes that the Defendant qualifies for a reduction under the First Step Act, but asks this Court to deny the motion. [Dkt. No. 56]. The Court agrees with the reasons articulated by the Government. A review of the record, and in particular the sentencing transcript of the proceeding before Judge Simandle reflects the concern that the Court had. The consecutive ten-month sentence was one that Judge Simandle appeared to impose reluctantly in light of the comments this Court had made at sentencing. Judge Simandle was rightly concerned about the seriousness of the offense and the breach of trust by the Defendant. As he observed:

> . . . I can't put aside that this is the most serious sort of violation of supervision that I handle. This will be one of the worst cases this year that I'll handle of someone who violates their supervised release. 80 to 85 percent of the men who are under supervision don't violate anything, they hand in their reports, they show up and we never see them again but for the monthly reports. But for the 15 or 20 percent the violations are almost always less significant than yours.

[Dkt. No. 56, at 2].

In the Court's final analysis, it recognizes that it has the discretionary authority to reduce the Defendant's sentence

under the First Step Act, but declines to do so. Great leniency has already been afforded to Mr. Lamar, and while the reasons for further leniency he articulates are commendable, and are what is expected of him, the Court is not persuaded that further leniency is warranted.

                                            s/Renée Marie Bumb_____
                                            RENÉE MARIE BUMB
                                            United States District Judge

Dated: April 27, 2020